UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMION COBB, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )   No. 1:20-cv-00803-JRS-TAB |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
|     Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS HABEAS CORPUS PETITION**

Damion Cobb, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging his state conviction under Indiana Criminal Case No. 49G05-1601-MR-2269. The respondent has filed a motion to dismiss arguing, among other things, that Mr. Cobb has not presented his claims through a complete round of state court review. Mr. Cobb has not filed a reply, and the time to do so has passed. For the reasons explained below, the motion to dismiss is **GRANTED** and the petition is **DISMISSED WITH PREJUDICE.**

I.
BACKGROUND

On January 15, 2016, Mr. Cobb and an accomplice attempted to rob a gas station in Cumberland, Indiana. Dkt. 7-5, pp. 2-3. They shot and killed one of the store clerks almost immediately. *Id.* When the other store clerk said she did not know how to open the cash register, they fled the scene. *Id.*

Following a jury trial, Mr. Cobb was found guilty of felony murder and robbery resulting in serious bodily injury. *Id.* at 7-8. The trial court entered a judgment of conviction on felony murder, vacated the robbery verdict, and sentenced Mr. Cobb to 45 years at IDOC. *Id.* at 8.

Mr. Cobb appealed his conviction to the Indiana Court of Appeals, arguing that a witness's in-court identification violated the Indiana Constitution and the Indiana Rules of Evidence. Dkt. 7-3. The Indiana Court of Appeals affirmed his conviction on January 31, 2020. Dkt. 7-5. Mr. Cobb did not file a petition for rehearing in the Indiana Court of Appeals or a petition to transfer in the Indiana Supreme Court. Dkt. 7-2.

On March 12, 2020, Mr. Cobb filed a petition in this Court titled, "Petition for Rehearing." Dkt. 2. He raises the same claim in this petition that he raised in his brief to the Indiana Court of Appeals. *Id.* The Court construed this filing as a petition for a writ of habeas corpus and issued an Order to Show Cause to the respondent. Dkt. 3. The respondent filed a motion to dismiss, arguing that the claim is procedurally defaulted because it was not presented through a complete round of state court review.[1] *See* Dkt. 5, p. 4.

## II.
## LEGAL STANDARD

When a prisoner brings a habeas petition pursuant to 28 U.S.C. § 2254, a federal court cannot grant relief unless the petitioner has exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1). To exhaust a claim for habeas review, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a petitioner brings a claim in a federal habeas petition before fairly presenting it under *Boerckel*, and if it is too late to bring the

---

[1] The respondent also argues that Mr. Cobb's claim is procedurally defaulted because it was deemed waived by the Indiana Court of Appeals and that his claim alleging violations of Indiana law is not cognizable on habeas review. Dkt. 5, pp. 2-4, 5. Because the Court finds that Mr. Cobb's claim is procedurally defaulted because it was not presented through a complete round of state court review, it need not address these other arguments.

2

claim in state court, the claim is defaulted. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). The respondent bears the burden of showing that a claim is procedurally defaulted on this basis. *Grigsby v. Cotton*, 456 F.3d 727, 732 (7th Cir. 2006).

### III.
### DISCUSSION

Mr. Cobb did not file a petition to transfer to the Indiana Supreme Court following the denial of his direct appeal by the Indiana Court of Appeals on January 31, 2020. The deadline to file a petition to transfer expired on March 17, 2020. *See* Ind. App. R. 57(C)(1) (a petition to transfer shall be filed no later than forty-five days after the adverse decision if rehearing was not sought). He has therefore failed to exhaust his available state court remedies, and his opportunity to do so has passed. Accordingly, the motion to dismiss is **GRANTED** and the petition is **DISMISSED WITH PREJUDICE**.

### IV.
### CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). Where a petition is denied on procedural grounds, the petitioner must also show that reasonable jurists could disagree with that procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a

3

final order adverse to the applicant." No reasonable jurist could conclude that Mr. Cobb exhausted his available state court remedies. Accordingly, a certificate of appealability is **DENIED**.

## V.
## CONCLUSION

For the reasons explained above, the respondent's motion to dismiss, dkt. [7], is **GRANTED**, and the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Final Judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date:   10/26/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAMION COBB
273233
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov